# Third District Court of Appeal

## State of Florida

Opinion filed June 27, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1219
Lower Tribunal No. 18-68AP
_____

**John Domenick Aglio,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

George T. Pallas, for petitioner.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for respondent.

Before SALTER, EMAS and LOGUE, JJ.

PER CURIAM.

John Domenick Aglio petitions this court for a writ of habeas corpus, contending that the $700,000 bond set by the trial court on his felony charge[1] violates his right to pretrial release on reasonable conditions as guaranteed under Article I, section 14 of the Florida Constitution.[2]

Upon consideration of the petition and response, as well as the relevant allegations and circumstances established in this record, we grant the petition.

---

[1]  Aglio is charged with violating section 836.10, Florida Statutes (2018), which provides:

> Any person who writes or composes and also sends or procures the sending of any letter, inscribed communication, or electronic communication, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or to do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent, or any person who makes, posts, or transmits a threat in a writing or other record, including an electronic record, to conduct a mass shooting or an act of terrorism, in any manner that would allow another person to view the threat, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

[2]  That section provides:

> Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

2

We withhold formal issuance of the writ and remand this cause to the trial court with the following directions. If it so chooses, the State may, no later than three business days following issuance of this opinion, file a legally sufficient motion for pretrial detention. Should the State fail to file such a motion, the trial court shall immediately thereafter conduct a hearing to determine the reasonable conditions of release pursuant to Florida Rule of Criminal Procedure 3.131 and sections 903.046-.047, Florida Statutes (2018). This opinion shall take effect immediately, notwithstanding the filing of any motion for rehearing.